UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BRIAN B.,                                )
                                         )
    Plaintiff                       )
                                         )
v.                                       )    2:19-cv-00067-JAW
                                         )
ANDREW M. SAUL, Commissioner,            )
Social Security Administration,          )
                                         )
    Defendant                       )

# REPORT AND RECOMMENDED DECISION

On Plaintiff's application for supplemental security income benefits under section 1614(a)(3)(A) of the Social Security Act (the Act), Defendant, the Social Security Administration Commissioner, found that Plaintiff had assets above the statutory limit of $2,000. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

## THE ADMINISTRATIVE FINDINGS

Plaintiff filed his application for SSI benefits with a protective filing date of April 14, 2016. (R. 144.) His claim was denied initially and on reconsideration. (R. 144, 135.) Plaintiff subsequently requested a hearing. (R. 134.) The Administrative Law Judge (ALJ) found that during the period under review, Plaintiff's countable income was never below the resource limit of $2,000. (R. 13.) The Commissioner's final decision is the April 4,

2018, decision of the ALJ. (ALJ Decision, R. 12-14.)[1]

The ALJ found Plaintiff to have received income in the form of workers' compensation benefits in the amount of $268,310[2] on September 3, 2014; that Plaintiff made withdrawals totaling $153,610 from various bank accounts from September 8, 2014 through November 12, 2015, but Plaintiff failed to submit sufficient evidence as to how the withdrawn money was spent; that sum, therefore, was properly counted as a cash resource; that Plaintiff thus had income in excess of the resource limit of $2,000; and that the Plaintiff was not eligible to receive SSI payments for any month following his application date. (R. 13-14.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to

---

[1] Because the Appeals Council found no reason to review that decision (R. 3), Defendant's final decision is the ALJ's decision.

[2] The actual amount of the check Plaintiff received was $268,310.68. (R. 35.)

2

experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

To be eligible for SSI benefits, a claimant must meet all the basic requirements for eligibility under the Act. A claimant must provide information to the Social Security Administration upon its request to "show [the SSA] necessary documents or other evidence to prove that [he or she] meets these requirements." 20 C.F.R. § 416.200.

Under the Social Security Act (the Act) and the regulations promulgated pursuant to the Act, an unmarried individual is not eligible for SSI benefits if the individual's resources and income exceed $2,000.00. 42 U.S.C. §§ 1382(a)(1)(A), (a)(1)(B), (a)(3)(B); 20 C.F.R. §§ 416.1205(a), (c). "Resources" is defined as "cash or other liquid assets or any real or personal property that an individual … owns and could convert to cash to be used for his or her support and maintenance." 20 C.F.R. § 416.1201(a). Income is "anything [an individual] receive[s] in cash or in kind" that can be used to meet an individual's "needs for food or shelter." 20 C.F.R. § 1102. Income includes both earned and unearned income, subject to certain exceptions. 20 C.F.R. § 416.1104. Earned income includes salaries, commissions, bonuses, severance pay, and any other special payments received because of an individual's employment. 20 C.F.R. § 416.1110(a)(1). Unearned income includes workers' compensation benefits. 20 C.F.R. § 416.1121(a).

Plaintiff argues the ALJ erred when she found that Plaintiff did not provide evidence to establish how he spent his workers' compensation proceeds and thus erred when she found that Plaintiff was not eligible to receive benefits based on his resources during the period under review.

3

Although Plaintiff submitted bank statements showing balances below the allowable resource limit as of April 2016, (*see* R. 66, 106 & 129), he could not explain the purpose of numerous transfers and withdrawals from the various accounts.³ (*See* R. 183-89.) Furthermore, while Plaintiff also submitted receipts dating from August 2017, totaling $128,500 (R. 18-21), the ALJ accurately noted that Plaintiff submitted no contemporaneous receipts; instead, the receipts had been prepared specifically for the hearing.⁴ (R. 13, 18-21.) The ALJ also noted that although at the end of the hearing she requested that Plaintiff provide tax returns for 2014, 2015 and 2016, a sworn statement from the person from whom he leased his residence and to whom many of the proceeds were purportedly paid, and a copy of any written rental agreement, Plaintiff failed to do so. (R. 13; *see* R. 193-94.)

Plaintiff's failure to account adequately for his workers' compensation proceeds is similar to the claimant's failure to prove eligibility in the recent case of *King v. Berryhill*, No. 18-11426, 2019 WL 2524762 (D. Mass. June 18, 2019). In *King*, the claimant had

---

³ Plaintiff testified at hearing that he deposited and transferred the proceeds of his workers' compensation settlement among three accounts—his own, a joint account with his landlady, and his landlady's individual account. (R. 181-82.)

⁴ To the extend the ALJ considered Plaintiff's testimony or some of the documentary evidence to be less than entirely credible, the ALJ's determination is supportable. "Issues of credibility and the drawing of permissible inference from evidentiary facts are the prime responsibility of the [Commissioner]." *Rodriguez v. Celebrezze*, 349 F.2d 494, 496 (1st Cir. 1965). *See also Shaw v. Sec'y of HHS*, No. 93–2173, 1994 WL 251000, * 4, 1994 U.S. App. LEXIS 14287, *14–15 (1st Cir. 1994) (unpublished) ("Where the facts permit diverse inferences, we will affirm the [Commissioner] even if we might have reached a different result."). Moreover, "'in determining whether a claimant has spent or retained excess resources, an ALJ must be free to disregard self-serving statements that cannot be verified.'" *Nicolae v. Barnhart*, No. 04-CV-2068 (FB), 2005 WL 71529, at *3 (E.D.N.Y. Mar. 28, 2005) (quoting *Hudson v. Bowen*, 849 F.2d 433, 434 (9th Cir. 1998)), *aff'd* 155 F. App'x 558 (2d Cir. 2005).

received $50,000 in pension payouts and workers' compensation proceeds. 2019 WL 252476, at *1 & n.2. At the administrative hearing, the claimant submitted bank records showing cash withdrawals totaling approximately $30,000. *Id.* at *2. The claimant testified that he had spent the funds on food, clothing and paying bills; he did not, however, offer any documentation to support his assertions. *Id.* The claimant also did not submit any documents following the hearing, although the ALJ held the record open for the claimant to do so. *Id.* The ALJ denied claimant's request for benefits, concluding that the claimant was not eligible. In upholding the ALJ's decision, the district court found that in "failing to account for nearly $30,000 in cash withdrawals," the claimant had "failed to provide evidence that he satisfied the financial requirements for SSI eligibility…." *Id.* at 4.

Other courts have likewise upheld an ALJ's ineligibility determination where a claimant failed to document an alleged spend-down of excess resources. *See, e.g., Morales v. Colvin*, No. 14-5420, 2016 WL 3033723, *4-5 (E.D.N.Y. May 26, 2016) (affirming ALJ determination of SSI ineligibility where claimant failed to document alleged spend-down of $30,000.00 in withdrawn cash); *Ball v. Colvin*, No. CV-2012-01574-PHX-BS, 2013 WL 5886604, at *5 (D. Ariz. Oct 31, 2013 (substantial evidence supported ALJ's conclusion that plaintiff's resources exceeded limit where plaintiff failed to provide "objective evidence" to support claims to the contrary); *Alford v. Astrue*, No. 2:11CV00042 JLH-BD, 2012 WL 2450774, at *3 (E.D. Ark. June 27, 2012) (although plaintiff's bank records showed that his account had dropped from $19,000 to less than $2,000 during the relevant period, ALJ did not err in denying SSI because plaintiff "fail[ed] to provide receipts or

5

other documentation showing that the money was spent"); *Rashed v. Astrue*, No. 07-2726, 2010 WL 3036795, at *4 (E.D.N.Y. July 30, 2010) (upholding ALJ decision where "[p]laintiff did not meet his burden to counter the ALJ's findings and prove he had disposed of [a workers' compensation settlement of $63,100] before the SSA reached its final decision").

In sum, a review of the record, including Plaintiff's testimony at the hearing, reveals that Plaintiff's use of his workers' compensation proceeds is not easily discerned.[5] Significantly, the documentation submitted by Plaintiff does not reflect an accounting for all the proceeds. In fact, upon conclusion of the hearing, the ALJ asked Plaintiff to submit additional financial records to assist in the assessment of Plaintiff's eligibility, but Plaintiff failed to provide any additional documentation in contravention of his obligation to provide information requested to prove he is eligible to receive benefits. *See* 20 C.F.R. § 416.200. Accordingly, the ALJ's decision to deny benefits, based on the determination that Plaintiff failed to provide credible evidence that he had spent down his excess resources above the $2,000 limit, is supported by substantial evidence in the record.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

---

[5] Plaintiff argues that between his testimony at hearing and the sums noted on the submitted receipts he has accounted for $199,000.00 in payments. (SOE 2.) That leaves $69,310.68, for which Plaintiff concedes that he cannot account. (*Id.*) Plaintiff suggests that, because another individual had access to two of the three accounts into which he deposited and transferred the workers' compensation proceeds, that person may have removed the funds. (SOE 5). He has presented no persuasive evidence to support his assertion.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of September, 2019.